UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CYNTHIA JAMES, ADMINISTRATOR, | : | Case No. 18-cv-144(AWT) |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|    Defendant. | : | April 30, 2018 |

## ANSWER AND AFFIRMATIVE DEFENSES

The defendant, the United States of America, answers the complaint as follows:

1. Admitted.

2. The defendant admits that the plaintiff served the defendant with a copy of the summons and complaint and that a tort claim was filed with the Department of Health and Human Services in 2017.

3. The defendant admits that the plaintiff was appointed by the Probate Court to act as Administratrix for the Estate of Dem Reynolds. The defendant denies the remaining allegations in paragraph 3.

4. Denied.

5. Admitted.

6. Admitted.

7. Admitted.

8. The defendant admits that at all times relevant to the complaint, Dr. Stephen Rossner provided medical care within the scope of the federal grant. The defendant denies the remaining allegations in paragraph 8.

9. The defendant admits that on or about June 6, 2012, Dem Reynolds was seen by Dr. Rossner at Staywell and further admits that Mr. Reynolds was twenty-two years old at the time. The defendant denies the remainder of paragraph 9.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. The defendant admits that on December 27, 2012, Dem Reynolds was seen by Dr. Rossner at Staywell for a follow-up examination and review of test results but denies that Dr. Rossner specifically asked Mr. Reynolds to come in.

15. The defendant admits that the lab work shows that Dem Reynolds had triglycerides of 181 and CHOL/HDLC of 5.8 but denies that the results were "abnormally high."

16. Admitted.

17. Admitted.

18. The defendant admits that Dem Reynolds complained of intermittent headaches and that his right leg and right arm/hand were feeling tight. The defendant denies that Dem Reynolds complained that he was "regularly suffering" headaches.

19. Admitted.

20. Admitted.

21. Admitted, except that the defendant denies that Dr. Rossner was specifically listed as the primary care physician.

22. Admitted.

23. Denied.

24. The defendant admits that the blood test showed triglycerides at 372, HDL at 35, and non-HDL cholesterol at 165. The defendant denies the remaining allegations in paragraph 24.

25. Admitted.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. The defendant admits that the plaintiff was appointed by the Probate Court to act as Administratrix for the Estate of Dem Reynolds. The defendant denies the remaining allegations in paragraph 30.

The defendant denies the plaintiff's prayer for relief.

**AFFIRMATIVE DEFENSES**

1. The defendant asserts that any injuries or damages sustained by the plaintiff or decedent was due in whole or in part to the acts or omissions, negligent or otherwise, of the decedent or others, known or unknown, over whom the Federal Government has no control.

2. The defendant asserts that the plaintiff/decedent was comparatively at fault and that such fault caused or contributed to the damages complained of in this case.

3. The plaintiff's recovery, if any, is limited in scope to the injuries alleged in the relevant administrative claim and to the monetary amount claimed therein. 28 U.S.C. § 2674; 28 U.S.C. §§ 2675(a)-(b).

4. The plaintiff is not entitled to an award of pre- or post-judgment interest from the United States under the Federally Supported Health Care Centers Assistance Act.

5. Attorneys' fees are limited to 25 percent of any judgment or settlement, and are not to be awarded separately but instead paid out of the amount of the judgment or settlement. 28 U.S.C. § 2678.

6. Any recovery by the plaintiff is subject to the availability of appropriated funds. 42 U.S.C. § 233(k).

7. The United States of America is entitled to a setoff or deduction from any damages recoverable by Plaintiffs for any benefits payable with federal funds under any federally-funded program, in the past, present, or future.

8.     The plaintiff's claims are, in whole or in part, barred by the applicable statute of limitations.

                    Respectfully submitted,

                    John H. Durham
                    United States Attorney

                    /s/
                    John W. Larson (ct28797)
                    Assistant United States Attorney
                    United States Attorney's Office
                    District of Connecticut
                    450 Main Street, Room 328
                    Hartford, CT 06103
                    T:  (860) 947-1101
                    F:  (860) 760-7979
                    john.larson@usdoj.gov